IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID CARMICHAEL,

                                               ORDER

                Petitioner,

                                    09-cv-388-slc[1]

     v.

WARDEN HOLINKA,

                Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

     Under the Second Chance Act of 2007, 18 U.S.C. § 3624(c), the Federal Bureau of Prisons is authorized to place prisoners in a residential re-entry center, or halfway house, for up to 12 months before the end of the prisoner's term of imprisonment.  In this petition for a writ of habeas corpus brought under 28 U.S.C. § 2241, petitioner David Carmichael contends that the bureau is violating § 3624(c) by refusing to transfer him to a halfway house until the last six months of his sentence.  In an order dated July 10, 2009, I concluded that a petition under § 2241 is the proper way to bring this challenge because success on the

---

[1]  Because consents to the magistrate judge's jurisdiction have not yet been filed by all the parties to this action, I am assuming jurisdiction over the case for the purpose of this order.

1

claim would mean that petitioner is entitled to "a quantum change in [his] level of custody" at a particular time.  Graham v. Broglin, 922 F.2d 379, 381 (7th Cir.1991); see also Glaus v. Anderson,  408 F.3d 382, 387-88 (7th Cir. 2005) ("Graham outlines a clear distinction: a petitioner requests either a "quantum change in the level of custody," which must be addressed by habeas corpus, or "a different program or location or environment," which raises a civil rights claim).   I directed respondent to show cause why the petition should not be granted.

Under 18 U.S.C. § 3624(c)(1),

The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

The language of the statute makes it clear that prisoners are not guaranteed 12 months at a halfway house.  Rather, the bureau is required, when "practicable," to allow a prisoner to spend "a portion" of the last months of his term under conditions that will prepare him for reentry.  Sessel v. Outlaw, 2009 WL 1850331, *4 (E.D. Ark. 2009) ("These are matters left to the discretion of the BOP."); Daraio v. Lappin, 2009 WL 303995 (D. Conn. Feb. 9, 2009) (bureau "retains discretion under the Second Chance Act to decide whether and when an inmate should be placed at" halfway house).

This does not mean that the bureau has absolute authority to deny a prisoner transfer

2

to a halfway house.  Under § 3624(c)(6), the bureau must "ensure that placement in a community correctional facility . . . is . . . of sufficient duration to provide the greatest likelihood of successful reintegration into the community."  In addition, decisions about placement in a halfway house must be made "on an individual basis" and take into account the factors listed in 18 U.S.C. § 3621(b).  18 U.S.C. § 3524(c)(6)(A)-(B).  <u>See also</u> <u>Sessel</u>, 2009 WL 1850331, at *4; <u>Daraio</u>, 2009 WL 303995; 28 C.F.R. § 570.22 ("Inmates will be considered for pre-release community confinement in a manner consistent with 18 U.S.C. section 3621(b), determined on an individual basis, and of sufficient duration to provide the greatest likelihood of successful reintegration into the community, within the time-frames set forth in this part.")

The factors listed in § 1821(b) include:

(1) the resources of the facility contemplated;

(2) the nature and circumstances of the offense; and

(3) the history and characteristics of the prisoner;

(Petitioner concedes that two other factors, related to statements made by the sentencing commission or the sentencing court, do not apply to this case.)

Although respondent acknowledges that the bureau must consider the factors listed in § 1821(b), the declaration she provides from petitioner's case manager (who made the decision to give petitioner six months in a halfway house) shows individualized consideration

of the third factor only.  The history and characteristics of the prison may be the most important factor to consider in most cases, but the bureau must consider each relevant factor in good faith.  <u>Rodriguez v. Smith</u>, 541 F.3d 1180, 1182 (9th Cir. 2008); <u>Levine v. Apker</u>, 455 F.3d 71, 85 (2d Cir. 2006); <u>Woodall v. Federal Bureau of Prisons</u>, 432 F.3d 235, 247 (3d Cir. 2005).  Accordingly, I must grant the petition and direct respondent to provide plaintiff with 12 months in a halfway house or render a new decision that complies with 18 U.S.C. § 3624(c).


ORDER

IT IS ORDERED that petitioner David Carmichael's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is GRANTED.  Respondent is directed to provide plaintiff with 12 months of time in a halfway house OR, no later than August 28, 2009, re-evaluate the decision regarding petitioner's placement in a halfway house, assessing each of the relevant statutory factors under 18 U.S.C. § 3621(b).

Entered this 14th day of August, 2009.

BY THE COURT:

/s/

_____

BARBARA B. CRABB
District Judge

4