IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID CARMICHAEL,

                                                                                      ORDER

Petitioner,

                                                                                    09-cv-388-slc

    v.

WARDEN HOLINKA,

           Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In an order dated August 14, 2009, I concluded that the Bureau of Prisons had violated 18 U.S.C. § 3624(c) by denying plaintiff the full 12 months in a halfway house authorized by the statute without considering each of the relevant factors identified in 18 U.S.C. § 3621 for making such a determination. I granted the petition for a writ of habeas corpus under 28 U.S.C. § 2241 and directed respondent to provide petitioner the full 12 months or make a new decision that complies with 18 U.S.C. §§ 3621 and 3624. Petitioner moved for reconsideration of that decision, arguing that the bureau should not have an opportunity to fix its mistake. On August 28, 2009, I denied petitioner's motion for reconsideration, finding that the bureau must be given the opportunity to comply with the law.

1

Now before the court is petitioner's notice of appeal. Because he has not paid the $455 fee for filing a notice of appeal, I construe the notice as including a request for leave to proceed in forma pauperis on appeal. The request will be denied because I must certify that petitioner's appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3).

Although petitioner does not provide any reasons for his appeal, he may be intending to raise the same argument he raised in his motion for reconsideration that the bureau should not be given the opportunity to correct its mistake. As I told petitioner in the August 28 order, the bureau is entitled to be given an opportunity to comply with the law. Because there is no legal merit to the claim he seems to be raising on appeal, his request for leave to proceed in forma pauperis on appeal will be denied.

Because I am certifying petitioner's appeal as not having been taken in good faith, plaintiff cannot proceed with his appeal without prepaying the $455 filing fee unless the court of appeals gives him permission to do so. If petitioner intends to challenge this court's certification that his appeal is not taken in good faith, he has 30 days from the date on which he receives this order to file with the court of appeals a motion for leave to proceed in forma pauperis on appeal. His motion must be accompanied by an affidavit as described in the first paragraph of Fed. R. App. P. 24(a), including a statement of issues that petitioner intends to present on appeal and a copy of this order. Petitioner should be aware that these documents should be filed in addition to the notice of appeal he has previously filed. If

2

petitioner does not file a motion requesting review of this order, the court of appeals may not address this court's denial of leave to proceed in forma pauperis on appeal. Instead it will require petitioner to pay the entire $455 filing fee before it considers his appeal. If petitioner fails to pay the fee within the deadline set, it is possible that the court of appeals will dismiss the appeal and order this court to arrange for collection of the fee from petitioner's prison account.

ORDER

IT IS ORDERED that petitioner's request for leave to proceed in forma pauperis on appeal, dkt. #13, is DENIED and I certify that petitioner's appeal is not taken in good faith. The clerk of court is directed to insure that petitioner's obligation to pay the $455 fee for filing his appeal is reflected in the court's financial record.

Entered this 14th day of September, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge